UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BLAKE WINGATE,

                Plaintiff,

        - against -

DIANNA MEGIAS; KENNETH C. HOLDER;
STATE OF NEW YORK,

                Defendants.

------------------------------------------------------------- X

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**MEMORANDUM & ORDER**

17 Civ. 421 (AMD) (LB)

**ANN DONNELLY**, District Judge.

On January 10, 2017, Blake Wingate, who is currently incarcerated at Coxsackie Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging false arrest and malicious prosecution. By Memorandum and Order dated February 3, 2017, the Court denied the plaintiff's request to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)[1] and notified the plaintiff that if he wished to proceed with this action he must pay the $400 filing fee within 30 days. (ECF Doc. 4.) On March 1, 2017, the plaintiff filed a letter requesting a hearing on the Court's decision and seeking to re-characterize his complaint as a petition for a writ of habeas corpus. (ECF Doc. 6.)

The Court construes the plaintiff's request as a motion for reconsideration. The plaintiff, however, fails to allege any facts which would allow this Court to reconsider its decision. The plaintiff does not dispute that, while incarcerated, he has filed over three *in forma pauperis*

---

[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

actions that have been dismissed for failure to state a claim. *See Wingate v. City of New York*, No. 14-CV-4316 (ARR) (E.D.N.Y. July 25, 2014) (dismissing plaintiff's complaint for failure to state a claim); *Wingate v. New York City*, No. 14-CV-4007 (ARR) (E.D.N.Y. July 25, 2014) (same); *Wingate v. Quattrochi*, No. 14-CV-2666 (ARR) (E.D.N.Y. May 15, 2014) (same); *Wingate v. Grasso*, No. 11-CV-357 (ARR) (E.D.N.Y. Mar. 1, 2011) (same). Instead, the plaintiff alleges that these cases "are pending investigation in 14cv4063 (ARR)(LB)." This allegation is both conclusory and not supported by any evidence. Additionally, the plaintiff fails to allege any "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("the language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)).

Moreover, the plaintiff seeks to convert his complaint into a petition for a writ of habeas corpus. To the extent the plaintiff seeks to be released from state custody, a complaint under 42 U.S.C. § 1983 is not the proper vehicle in which to challenge his custody. Rather, the plaintiff must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see Wolff v. McDonnell*, 418 U.S. 539, 554 (1974), within the one-year statute of limitations period. 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. A state prisoner may not circumvent the exhaustion prerequisites for habeas corpus relief by requesting relief under § 1983. *Preiser*, 411 U.S. at 489-90.

## CONCLUSION

Accordingly, the Court declines to reconsider its decision denying the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff wishes to proceed

with this action, he must submit the $400 filing fee, payable to the Clerk of Court, Eastern District of New York within 30 days. If the plaintiff does not pay the filing fee within the time allowed, the Clerk of Court shall enter judgment dismissing this action without prejudice. All further proceedings shall be stayed for 30 days.

If the plaintiff seeks to be released from custody and he challenges a final state court conviction, he may file a separate action for a writ of habeas corpus in accordance with 28 U.S.C. § 2254. The Court offers no opinion on the merits of such an action. The Clerk of Court is directed to send the plaintiff a form habeas corpus petition under 28 U.S.C. § 2254.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: March 16, 2017
       Brooklyn, New York